IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KIESHA D. LEWIS              :

                                :

       v.                     :    Civil Action No. DKC 22-2899

                                  :

UNITED STATES OF AMERICA, et al.

                                  :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this civil case involving alleged violations of the Federal Tort Claims Act ("FTCA"), Privacy Act of 1974 ("Privacy Act"), and 42 U.S.C. § 1983 is the motion to dismiss filed by Defendants William K. Lietzau ("Mr. Lietzau") and Robert L. Santos ("Mr. Santos"). (ECF No. 20). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted.

**I.   Background**

The following facts are alleged in Plaintiff's amended complaint and her opposition to Defendants' motion to dismiss. Plaintiff, Kiesha D. Lewis, is a former employee of United States Census Bureau (the "Census Bureau") who underwent a background investigation for a Public Trust position in 2018 and 2020. (ECF No. 6, at 12, 14). Plaintiff's 2020 background investigation was for a United States federal government position. (*Id.* at 12).

Between March 2020 and June 2020, Plaintiff and her references were interviewed by representatives of the Defense Counterintelligence and Security Agency ("DCSA"). (*Id.*). Plaintiff contends that DCSA representatives asked her and her references questions that exceeded the scope of the Public Trust security adjudication process-namely, questions concerning Plaintiff's sexual history, the financial status of Plaintiff's family, whether Plaintiff had bribable family members, and whether Plaintiff bore any illegitimate children. (*Id.*).

Employees of the Census Bureau then contacted DCSA twice to request information and documentation related to Plaintiff's background investigation, all of which took place after Plaintiff's employment with the Census Bureau had ended. (*Id.* at 14). Plaintiff contends that Census Bureau employees intentionally violated her privacy via these information requests because her background investigation information should only be accessed on a need-to-know basis, and the Census Bureau lacked any reason to access her background investigation information. (*Id.* at 14).

Plaintiff submitted a Standard Form 95 ("SF-95") asserting a claim for damage, injury, or death against the DCSA in April 2022, and later submitted an amended version in May 2022 (the "DCSA SF-95"). (ECF No. 22, at 6). On July 18, 2022, Plaintiff submitted an SF-95 asserting a claim for damage, injury, or death against

the Census Bureau (the "Census SF-95"). (ECF No. 1-12, at 1). In the Census SF-95, Plaintiff indicated that the "date and day of accident" was April 2020. (*Id.*). On September 16, 2022, Plaintiff stated in an email to an attorney from the United States Department of Commerce that her claim against the Census Bureau "is for punitive damages, not compensatory or actual damages." (*Id.* at 4). On October 11, 2022, the United States Department of Commerce denied Plaintiff's claim against the Census Bureau because it was based entirely on punitive damages. (*Id.* at 3).

On January 15, 2023, Plaintiff, proceeding *pro se*, filed an amended complaint against Mr. Lietzau, in his official capacity as the Director of the DSCA, and Mr. Santos, in his official capacity as the Director of the Census Bureau, seeking punitive damages. (ECF No. 6). Plaintiff advances claims for (1) the intentional infliction of emotional distress and invasion of privacy under the FTCA, 28 U.S.C. §§ 1346, 2674-2680; (2) a violation of the Ninth Amendment, U.S. Const. amend. IX, under 42 U.S.C. § 1983; and (3) a violation of the Privacy Act, 5 U.S.C. § 552(a).[1] (*Id.*; ECF No.

---

[1] In her opposition, Plaintiff alleges that "[c]ommon legal theories" applicable to this case include "Invasion of Privacy" and "Data Privacy Breach[.]" (ECF No. 22, at 7). Plaintiff defines "Invasion of Privacy" as an "intru[sion] upon someone's privacy by intentionally or negligently violating their reasonable expectation of privacy[.]" (*Id.*). Plaintiff defines "Data Privacy Breach" as "the unauthorized access, use, or disclosure of personal data[.]" (*Id.*). The court construes Plaintiff's "Invasion of Privacy" claim as a common law invasion of privacy claim brought under the FTCA. The court also construes Plaintiff's "Data Privacy

22).  On May 16, 2023, Defendants filed a motion to dismiss under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction or Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.  (ECF No. 20).  On June 14, 2023, Plaintiff filed an opposition to Defendants' motion to dismiss.  (ECF No. 22).  On June 26, 2023, Defendants replied in support of their motion to dismiss.  (ECF No. 23).

## II.  Standard of Review

When a Rule 12(b)(1) motion challenges the factual basis for subject matter jurisdiction, "the burden of proving subject matter jurisdiction is on the plaintiff."  *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).  In considering such a motion, "the district court is to regard the pleadings' allegations as mere evidence on the issue[ ] and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  *Id.*  The court should apply the standard applicable to a motion for summary judgment, meaning that "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists," and the "moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  *Id.*

---

Breach" claim as identical to the Privacy Act claim raised in her amended complaint.  (ECF No. 6, at 11).

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A complaint must state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The complaint must also allege enough facts to support the claim, such that the claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[T]he district court must accept as true all well-pleaded allegations and draw all reasonable factual inferences in plaintiff's favor." *Mays v. Sprinkle*, 992 F.3d 295, 299 (4th Cir. 2021). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). The court may consider the complaint, documents attached to the complaint, documents explicitly incorporated into the complaint by reference, and documents integral to the complaint where there is no dispute as to the documents' authenticity. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016).

Mindful that Plaintiff is proceeding *pro se*, the court liberally construes her filings. *See Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014). Accordingly, the court will consider additional allegations raised in Plaintiff's opposition to Defendants' motion to dismiss. *See, e.g.*, *Smith v. Blackledge*, 451 F.2d 1201, 1202-03 (4th Cir. 1971) (holding that a document

construed as an opposition to the defendants' motion to dismiss which contained new claims alleged by a *pro se* plaintiff should have been considered an amendment to the complaint regardless of whether the court granted leave to amend); *Gough v. Bankers Life & Cas. Co.*, No. 17-cv-2341-PJM, 2019 WL 585715, at *2 (D.Md. Feb. 12, 2019) ("Federal courts have an 'obligation to liberally construe a *pro se* [c]omplaint' and may consider additional facts and information supporting the complaint that is provided in an opposition to a motion to dismiss." (citing *Rush v. Am. Home Mortg., Inc.*, No. 07-cv-0854-WMN, 2009 WL 4728971, at *3 (D.Md. Dec. 3, 2009))), *aff'd,* 781 F. App'x 251 (4th Cir. 2019). Plaintiff's *pro se* status, however, neither excuses her of her obligation to state a plausible claim nor transforms the court into her advocate. *See Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

**III. Analysis**

The court lacks subject matter jurisdiction over Plaintiff's claims for intentional infliction of emotional distress and invasion of privacy under the FTCA. Moreover, Plaintiff fails to state a claim for a violation of the Ninth Amendment under 42 U.S.C. § 1983, and a violation of the Privacy Act.

**A. FTCA**

The FTCA provides the "exclusive remedy for torts committed by [g]overnment employees in the scope of their employment[.]" 28 U.S.C. §§ 1346(b), 2671–80. "In other words, the FTCA works as a limited waiver of sovereign immunity, and claims for negligent and intentional infliction of emotional distress against a federal agency can only be pursued via the FTCA." *Wilson v. U.S. Dep't of Transp.*, 759 F.Supp.2d 55, 64 (D.D.C. 2011) (first citing *Sloan v. Dep't of Housing and Urban Dev.*, 236 F.3d 756, 759 (D.C.Cir. 2001); and then citing *Totten v. Norton*, 421 F.Supp.2d 115, 122 (D.D.C. 2006)). FTCA claims may only be brought against the United States, not its agencies or employees. 28 U.S.C. §§ 2671, 2679(a), (b)(1); *see also Holmes v. Eddy*, 341 F.2d 477 (4th Cir. 1965) ("The plaintiffs assert specific reliance upon the Federal Tort Claims Act . . . but it is specifically provided by § 2679 of Title 28 of the United States Code that a federal agency is not to be sued thereunder[.]"); *Baird v. Haith*, 724 F.Supp. 367, 377 (D.Md. 1988) ("Under the Federal Tort Claims Act the only proper defendant is the United States." (citing U.S.C. §§ 1346(b), 2679(a); *Metz v. U.S. Postal Serv.*, 836 F.2d 1342 (4th Cir. 1988))). Accordingly, "an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988).

Moreover, "the FTCA bars claimants from bringing suit until they have exhausted their administrative remedies, which includes the requirement that claimants first bring their claims to the agency, and that the claims have been denied by that agency." *Wilson*, 759 F.Supp.2d 55, 64 (citing *McNeil v. United States*, 508 U.S. 106, 111, 113 (1993); 28 U.S.C. § 2675(a)).   A claim is presented pursuant to the FTCA "when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other *written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury*, or death."   *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994) (emphasis in original) (quoting 28 C.F.R. § 14.2(a)).   "[T]he claimant meets his burden if the notice '(1) is sufficient to enable the agency to investigate and (2) places a "sum certain" value on her claim.'"   *Id.* (quoting *Adkins v. United States*, 896 F.2d 1324, 1326 (11th Cir. 1990)).   The FTCA's exhaustion requirement "is jurisdictional and may not be waived." *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986). Plaintiff bears the burden to prove that she complied with the FTCA's exhaustion requirement.   *Geroux v. United States*, No. 22-cv-3107-TJS, 2023 WL 4867518, at *3 (D.Md. July 27, 2023).

As Defendants argue, the court lacks subject matter jurisdiction over Plaintiff's FTCA claim because Plaintiff has not

named the United States as a party.[2]   (ECF No. 20-1, at 12 n.5)
(citing *Baird*, 724 F.Supp. at 377).   Moreover, even if Plaintiff
were to amend her complaint to add the United States as a party,
the court would still lack subject matter jurisdiction over
Plaintiff's FTCA claim because Plaintiff has failed to exhaust
administrative remedies.   Specifically, Plaintiff has not
demonstrated an exhaustion of administrative remedies with respect
to her claims against the Census Bureau because the Census SF-95
did not present claims for intentional infliction of emotional
distress or invasion of privacy under the FTCA.   In addition,
Plaintiff has not demonstrated an exhaustion of administrative
remedies with respect to her claims against the DCSA because she
does not allege that her claims against the DCSA were denied.

In the Census SF-95, Plaintiff alleges that "[her] rights
under the U.S. Constitution, the Ninth Amendment-the right to
pr[i]vacy and the Privacy Act of 1974 were violated[]" when "the
Census Bureau contacted the DCSA to obtain security adjudication
information on [her] after [her] employment with the Census Bureau
ended."   (ECF No. 1-12, at 1).   The Census SF-95, however, does

---

[2] Because Plaintiff failed to respond to Defendants' argument
in her opposition, she has also conceded the point. *See Ferdinand-
Davenport v. Children's Guild*, 742 F.Supp.2d 772, 777 (D.Md. 2010)
(holding that in failing to respond to the defendant's arguments
for why her claim should be dismissed, a plaintiff abandoned her
claim); *Stenlund v. Marriott Int'l, Inc.*, 172 F.Supp.3d 874, 887
(D.Md. 2016) ("In failing to respond to [defendant's] argument,
Plaintiff concedes the point.").

not mention an intentional infliction of emotional distress or an invasion of privacy, (*see id.*), and such common law torts do not arise under the Ninth Amendment or the Privacy Act.   *Lewis v. Werfel*, No. 23-cv-359-RBW, 2024 WL 111760, at *6 (D.D.C. Jan. 10, 2024) (citing *Hollis v. Rosa Mexicano DC, LLC*, 582 F.Supp.2d 22, 26 (D.D.C. 2008)).   Therefore, Plaintiff has not satisfied her burden to establish an exhaustion of administrative remedies with respect to her claims against the Census Bureau.   *See, e.g.*, *id.* (determining a lack of subject matter jurisdiction over claims asserted in the complaint but not mentioned in the SF-95 at issue because "the plaintiff has failed to demonstrate that she satisfied the FTCA's administrative exhaustion requirements").

Neither has Plaintiff exhausted administrative remedies for her claims against DCSA. Plaintiff alleges that

> she exhausted all her available administrative options first, prior to submitting [the DCSA] SF-95.   Shortly after the behavior occurred, [Plaintiff] notified DCSA of the privacy violations via email.   She also notified the DCSA Inspector General of the violations. Lastly, [Plaintiff] submitted [the DCSA] SF[-]95 to DCSA in April 2022 and submitted an amended SF[-]95 in May 2022[.]

(ECF No. 22, at 6).   Contrary to Plaintiff's contention, administrative remedies under the FTCA must be exhausted *after* Plaintiff presents her claims to DCSA via an SF-95, and only a denial of those claims by the DCSA results in exhaustion.   *See Wilson*, 759 F.Supp.2d 55, 64 (citing *McNeil*, 508 U.S. at 111, 113;

10

28 U.S.C. § 2675(a)). Given that Plaintiff has not even alleged, much less shown, that her claims against the DCSA were denied after she submitted the DCSA SF-95, Plaintiff has failed to establish an exhaustion of administrative remedies. *See, e.g.*, *Harris v. Wilson*, 282 F.Supp.3d 80, 87 (D.D.C. 2017) (emphasis in original) (holding that the court lacks subject matter jurisdiction over the plaintiff's FTCA claim because the plaintiff "has not shown that she has presented the claim to the agency, *and* that the claim has been 'finally denied.'"). For these additional reasons, the court lacks subject matter jurisdiction over Plaintiff's FTCA claim.

### B. 42 U.S.C. § 1983

Plaintiff alleges that "[she] ha[s] been the victim of federal government officials[-specifically, Mr. Lietzau and Mr. Santos-]abusing their positions and/or authority to deprive [her] of [her] Ninth Amendment Rights [to privacy.]" (ECF No. 6, at 9). Plaintiff contends that 42 U.S.C. § 1983 "gives [her] the right to seek civil action when a government official deprives one of any rights, privileges, or immunities secured by the Constitution." (*Id.*). In response, Defendants argue that "[s]ection 1983 claims may be brought only against persons acting under color of the law of 'any State or Territory or the District of Columbia.'" (ECF No. 20-1, at 18-19) (quoting *Gilbert v. ATF*, 306 F.Supp.3d 776, 785 (D.Md. 2018)); *see also* 42 U.S.C. § 1983; *District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973); *Bivens v. Six Unknown*

*Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 398 n.1 (1971). Defendants are correct. "Section 1983 is not the source of substantive rights but rather 'a method for vindicating federal rights elsewhere conferred.'" *Blackman v. District of Columbia*, 456 F.3d 167, 177 (D.C.Cir. 2006) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). As explained in *Werfel*, 2024 WL 111760, at *3,

> "In order to state a claim for relief under 42 U.S.C. § 1983, [a] plaintiff[ ] 'must establish that [she] was deprived of a right secured by the Constitution or laws of the United States[.]'" . . . "The Ninth Amendment states that '[t]he enumeration in the Constitution of certain rights, shall not be construed to deny or disparage others retained by the people.'" [*Rynn v. Jaffe*, 457 F.Supp.2d 22, 26 (D.D.C. 2006)] (quoting U.S. Const. amend. IX). Accordingly, "[a]s courts have consistently held, the Ninth Amendment is a rule of construction, not a substantive basis for a civil rights claim." *Id.; see also Wardlaw v. Pickett*, No. 89-cv-1557-OG, 1990 WL 209835, at *4 (D.D.C. Dec. 5, 1990) ("As courts have frequently noted, the [N]inth [A]mendment 'has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim.'" (quoting *Standberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986))). Thus, the "plaintiff[ ] cannot cite the Ninth Amendment of the U.S. Constitution to support a § 1983 action." *Jaffe*, 457 F.Supp.2d at 26.

Plaintiff's 42 U.S.C. § 1983 claim fails because Defendants are federal officers and Plaintiff does not provide substantive bases for her 42 U.S.C. § 1983 claim other than the Ninth Amendment. Therefore, Plaintiff's 42 U.S.C. § 1983 claim will be dismissed.

**C. Privacy Act**

The Privacy Act forbids an agency from "disclos[ing] any record which is contained in a system of records . . . to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record" is permitted by an exception.  5 U.S.C. § 552a(b).  The Privacy Act provides that "(1) if an individual can show an *adverse effect* (2) caused by the Government's *intentional or willful* breach of the statute, (3) the Government *shall be liable* to that individual for the *sum* of (a) actual damages *and* (b) the *costs and reasonable attorney fees* of the action."  *Doe v. Chao*, 435 F.3d 492, 495 (4ᵗʰ Cir. 2006) (emphasis in original) (citing 5 U.S.C. §§ 552a(g)(1)(D), 552a(g)(4)).³  "While 'emotional trauma alone is sufficient to

---

³ Defendants note that courts have recognized two causes of action under the Privacy Act.  (ECF No. 20-1, at 14).  First, 5 U.S.C. § 552a(g)(1)(C)–which Defendants have misrepresented as "5 U.S.C. § 552(g)(1)(C)[,]" (ECF No. 20-1, at 14)–provides a cause of action against an agency that "fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual[.]"  Second, 5 U.S.C. § 552a(g)(1)(D)–which Defendants have misrepresented as "5 U.S.C. § 552(g)(1)(D)[,]" (ECF No. 20-1, at 16)–is a catch-all provision providing a cause of action against an agency that "fails to comply with any other provision of [the Privacy Act.]"  5 U.S.C. § 552a(g)(1)(C) does not apply because Plaintiff does not allege that DCSA's records of her background check were defective.  Accordingly, the court will evaluate Plaintiff's Privacy Act claim only under 5 U.S.C. § 552a(g)(1)(D).

qualify as an "adverse effect" under [the Privacy Act,]' a plaintiff is only entitled to recovery if the emotional trauma was 'acute, tangible, and severe enough to give rise to actual damages[.]'" *Werfel*, 2024 WL 111760, at *4. Conclusory statements that a plaintiff suffered emotional distress, without any description of the "severity of her distress or any actual damages that resulted from it[,]" is insufficient to establish adverse effects. *Id.* Punitive damages are not available for Privacy Act violations. *See* 5 U.S.C. § 552a(g)(4)(A).

Plaintiff alleges that the DCSA and Census Bureau "failed to follow established protocols" in their respective security adjudication and background investigation information request, thus violating the Privacy Act and "resulting in Intentional Infl[i]ction of Emotional Distress." (ECF No. 6, at 11). Defendants contend that Plaintiff's Privacy Act claim is deficient because Plaintiff only asserts punitive damages and fails to establish the requisite elements of a Privacy Act claim-namely, an adverse effect as a consequence of the alleged disclosure of Plaintiff's background check information. (ECF No. 20-1, at 16-17). Plaintiff counters that "she mistakenly defined Pain and Suffering, Decreased enjoyment of life and Emotional distress as Punitive Damages not Compensatory Damages[,]" which was "an

administrative error that she corrected in her court filing."[4] (ECF No. 22, at 5).   Because Plaintiff provides no other description of an adverse effect other than a vague and conclusory assertion that she suffered "mental and emotional stress and anguish[,]" Plaintiff has not shown that she has suffered *actual* damages beyond mere emotional distress.   (ECF No. 22, at 8). Plaintiff has not adequately pleaded an adverse effect.   Thus, Plaintiff has failed to state a claim for a violation of the Privacy Act.[5]

---

[4] It is unclear which court filing reflects the correction Plaintiff mentions.

[5] Plaintiff's opposition lists "several cases in which the federal government has held individuals and/or entities responsible and liable for privacy invasions." (ECF No. 22, at 2-4) (citing *In the Matter of Lenovo Inc.*, 2017 WL 6885837 (F.T.C. Dec. 20, 2017); *United States v. Vtech Elec. Ltd., et al.*, 2018 WL 317978 (N.D.Ill. Jan. 8, 2018); *LabMD, Inc. v. Fed. Trade Comm'n*, 894 F.3d 1221 (11th Cir. 2018); *In re Facebook, Inc., Consumer Privacy User Profile Litigation*, 402 F.Supp.3d 767 (N.D.Cal. 2019); *Van Buren v. United States*, 141 S.Ct. 1648 (2021)). Plaintiff also cited the same cases in *Werfel*, where Plaintiff brought substantially similar claims against a federal agency. *See Werfel*, 2024 WL 111760, at *4 n.5.   As explained in *Werfel*, Plaintiff's cited cases are inapposite because *Lenovo, Vtech, LabMD*, and *In re Facebook* "involve[] [Federal Trade Commission] actions against private entities for violations of the Federal Trade Commission Act[,]" and "[P]laintiff's suit neither involves private entities nor violations of the Federal Trade Commission Act." *Id.*   Moreover, *Van Buren* is irrelevant because it involves the Computer Fraud and Abuse Act, which is not implicated here. *See id.*

**IV.  Conclusion**

     For the foregoing reasons, Defendants' motion to dismiss will be granted.  A separate order will follow.

                                                /s/

                                    DEBORAH K. CHASANOW
                                    United States District Judge